IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0247-05






RAY GONZALEZ, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY





 Johnson, J., filed a concurring opinion.


C O N C U R R I N G O P I N I O N 



 I concur in the judgment of the Court. First, I think that Mrs. Herrera's statements were
admissible as a dying declaration. Despite the police officers' assertions that she was not aware of
the gravity of her situation, no one seems to have inquired of her what her perception of her injuries
was. Certainly she was aware that she had been shot multiple times, including a gunshot wound to
the abdomen. Under such circumstances, it is probable that she understood quite clearly the gravity
of her situation. The Crawford Court conceded that dying declarations may, by historical imperative,
be admissible, despite the lack of an opportunity to cross-examine. (1)

 There is also the argument that Mrs. Herrera's statements were not testimonial. Depending
on the circumstances, a police officer asking, "What happened?" may or may not be interrogation. 
Even if her statements were testimonial and the trial court erred in admitting them, I would find the
error harmless. The Herreras' truck was missing, a fact easily ascertained from sources other than
Mrs. Herrera's statements. The license plate number was also easily ascertainable by law officers. 
A bulletin about the missing truck was broadcast to police officers. An officer on routine patrol saw
the truck and called for assistance. After a chase, officers stopped the truck and arrested appellant,
the driver, who had Mr. Herrera's credit cards in his pocket and Mrs. Herrera's blood on his shoes. 
With such evidence, Mrs. Herrera's statements were superfluous. 

 I do not think that this is the right case in which to consider expanding the concept of
forfeiture by wrongdoing. The basis for such an expansion seems to be based on federal Rule of
Evidence 804(b)(4), which by its very terms does not apply in this case. In addition, there is a logical
disconnect in saying that a defendant killed a person to prevent them from testifying at the
defendant's trial for killing that person; if the defendant did not kill the person, there would be no
murder trial and hence no need to suppress damaging testimony, so killing the person creates the
reason for killing the person. Such reasoning is circular and should not be incorporated into the law.

Filed: June 21, 2006

Publish
1. "The one deviation we have found is dying declarations. The existence of that exception as a general rule
of criminal hearsay law cannot be disputed. . . . Although many dying declarations may not be testimonial, there is
authority for admitting even those that clearly are. . . . We need not decide in this case whether the Sixth
Amendment incorporates an exception for testimonial dying declaration. If this exception must be accepted on
historical grounds, it is sui generis." Crawford, at 56 n.6.